IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BOXLEY | : | CIVIL ACTION |
| v. | : | No. 09-828 |
| JEFFREY BEARD, et al. | : | **THIS IS A CAPITAL CASE** |

## ORDER

AND NOW, this 4th day of November, 2019, upon consideration of Respondent's answer to this Court's September 27, 2019, show cause order and Petitioner Richard Boxley's reply, it is ORDERED Respondent shall produce to Boxley the same materials it produced to Boxley's co-defendant, Jose Busanet, pursuant to court order dated April 26, 2016, to the extent those materials have not already been produced to Boxley. *See* Order, *Busanet v. Beard*, No. 04-168 (E.D. Pa. Apr. 26, 2016), ECF No. 32.[1] Respondent shall have 14 days to produce these materials, which were previously compiled on compact discs for production to Busanet.

---

[1] In the April 26, 2016, Order, the Honorable Legrome D. Davis found Busanet had demonstrated good cause for discovery of twelve categories of materials relating to his claim pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). Busanet alleged the prosecution failed to disclose evidence of a deal it struck with key prosecution witness Wilson Melendez, an admitted accomplice of Busanet and Boxley, whereby the prosecution would provide benefits to Melendez in exchange for his testimony against Busanet and Boxley. According to Busanet, it was the common practice of the Berks County District Attorney's Office under District Attorney Mark Baldwin that the Office would "use its prosecutorial discretion to give benefits to individuals who provided useful testimony." Busanet Habeas Pet. ¶ 25. Busanet also alleged the prosecution failed to correct Melendez's false testimony that there was no deal.

Melendez also testified for the prosecution at Boxley's trial, and Boxley has raised a *Brady/Napue* claim similar to the one asserted by Busanet. In response to Boxley's request for discovery of the same materials disclosed to Busanet, Respondent has produced a subset of those materials—namely, materials "directly related to . . . Melendez." Resp't's Answer to Rule to Show Cause ¶ 7 & Ex. D. But Respondent objects to producing the remaining materials, which relate to cooperating witnesses in certain other categories of cases in which the Berks County District Attorney's Office initiated prosecution between February 1991 and March 22, 1999. Respondent maintains these materials are irrelevant to Boxley's prosecution and Boxley has not established the requisite good cause to support their disclosure. Judge Davis found otherwise in

BY THE COURT:


    /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

the *Busanet* case, citing Busanet's allegation that "the Berks County District Attorney's Office had a common practice under D.A. Mark Baldwin to 'use its prosecutorial discretion to give benefits to individuals who provided useful testimony.'" Order at 3, *Busanet v. Beard*, No. 04-168 (E.D. Pa. Apr. 26, 2016), ECF No. 32 (quoting Busanet's habeas petition). Boxley makes similar allegations here. *See* Boxley Habeas Pet. ¶¶ 90, 99. This Court sees no reason to depart from Judge Davis's finding, made after careful and thorough review of the briefing on Busanet's motion for discovery and a hearing on the motion, that there is good cause for discovery of all of the same materials Respondent was ordered to produce—and has already produced—in Busanet's case. Accordingly, Respondent is directed to produce those materials to Boxley to the extent it has not done so already.