IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BOXLEY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 09-828 |
| | : | |
| JEFFREY BEARD, et al. | : | **THIS IS A CAPITAL CASE** |

## ORDER

AND NOW, this 13th day of January, 2020, upon consideration of Petitioner Richard Boxley's Motion for Discovery Regarding Rafael Figueroa and Motion for Discovery Regarding Ballistics Evidence and Respondent's Answers thereto, and for the reasons set forth in the accompanying Memorandum, it is ORDERED:

- Boxley's Motion for Discovery Regarding Rafael Figueroa (Document 62) is GRANTED in part and DENIED in part without prejudice as follows:
  - The Motion is GRANTED as to the following materials: (1) all documentation and information regarding any interview of Rafael Figueroa (a/k/a "Lata") by the Reading Police Department or any contacts between Figueroa and the Reading Police Department relating in any way to the Jason Bolton homicide, and (2) all information in the Commonwealth's possession or control relating to Figueroa's knowledge of, or involvement with, before, during, or after the Bolton homicide. The Commonwealth shall produce all such documentation and information in its possession or control within 30 days of the date of this Order.
  - To the extent the Commonwealth maintains that no such documentation or information exists, the Commonwealth shall file an affidavit detailing the steps it has taken to (1) determine whether Figueroa was interviewed by the Reading Police Department in connection with the Bolton homicide, (2) determine whether any

documents relating to the interview(s) exist, and (3) search for responsive documents and information. Any such affidavit shall be filed within 30 days of the date of this Order.
- All other discovery sought by this Motion is DENIED without prejudice.

- Boxley's Motion for Discovery Regarding Ballistics Evidence (Document 61) is GRANTED as follows:
  - The Commonwealth shall provide all of the physical ballistics evidence in this case to an independent expert designated by the defense subject to any reasonable precautions necessary to preserve the chain of custody and integrity of the evidence. The items to be produced include, without limitation, all weapons and all bullet casings and bullet fragments obtained by the Reading Police Department and submitted to the laboratory for analysis and comparison testing in connection with the Jason Bolton homicide and the shootout the week prior at 10th and Chestnut Streets. Prior to the production, the parties shall meet and confer to establish a mutually agreeable procedure for the production of this evidence that addresses the chain of custody concerns. The parties shall present the Court with a proposed order memorializing the agreed upon procedure within 14 days of the date of this Order.
  - The Commonwealth shall also produce to the defense the following documentation from the police testing of the ballistics evidence, to the extent any such materials have not already been produced: all of the Commonwealth's experts' supporting bench notes, worksheets, diagrams, sketches, notes, any data recorded, either manually or digitally related to the examination of the ballistics evidence, all

images, including photographs taken during the examination and/or photomicrographs recorded through the microscope, either digital or those generated from the original film negatives, copies of any and all videos that were made or used during the examination of the ballistics evidence, and anything further that pertained to the ballistics, toolmarks and firearms testing done by the Commonwealth's expert. These materials shall be produced within 30 days of the date of this Order.

- The Commonwealth shall also produce to the defense the policy and procedure manual for the laboratory that conducted the testing, and the laboratory's guidelines for testing and it related rules and regulations. Before producing such manuals, guidelines, and rules and regulations, the Commonwealth shall determine whether the Office of General Counsel for the Pennsylvania State Police has any objection to the disclosure. Any objection shall be presented to the Court within 30 days of the date of this Order.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.